**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **CASE NO. 12-70482-JTL** |
| | ) | |
| **ALPHA PROTECTIVE SERVICES, INC.,** | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | **JUDGE JOHN T. LANEY III** |

**THIRD AND FINAL APPLICATION OF ARNALL GOLDEN GREGORY LLP
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES AS COUNSEL FOR THE CHAPTER 7 TRUSTEE**

Arnall Golden Gregory LLP ("Applicant"), counsel for Neil C. Gordon, the Chapter 7 Trustee in the above-captioned bankruptcy cases ("Trustee"), submits this application pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rule of Bankruptcy Procedure 2016 (the "Application") seeking allowance of $114,271.00 and reimbursement of actual and necessary expenses in the amount of $395.53 for the period from October 11, 2018 through September 8, 2020 (with the exception of one time entry missed for billing in the previous fee application) (the "Compensation Period") for certain matters in which Applicant has represented the Trustee and an enhancement of two (2%) percent of the total of $6,226.935.64 recovered ($124,538.71) (the "2% Enhancement"). In support of this Application, Applicant shows the Court as follows:

**BACKGROUND**

1.    On April 12, 2012 (the "Petition Date"), Debtor filed a voluntary petition with the Court under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      Prior to the Petition Date, the Debtor operated a security firm in Thomasville, Georgia, providing security solutions to the United States Government, commercial companies and other institutions. The Debtor's primary assets consisted of its accounts receivables, its contracts, its vehicles and its security equipment.

3.      On December 17, 2012, the Bankruptcy Court entered an Order [Docket No. 148], which granted an oral motion of Bank of America, N.A. for the appointment of a trustee, and directed the United States Trustee to appoint a Chapter 11 trustee in the Bankruptcy Case.

4.      On December 18, 2012, the United States Trustee filed a *Notice of Appointment* [Docket No. 149], appointing Trustee as the Chapter 11 trustee of the Debtor, and on that same date the Bankruptcy Court entered an Order [Docket No. 150], which approved the appointment of the Trustee as the Chapter 11 trustee of the Debtor.

5.      On December 19, 2012, the Trustee filed a *Motion to Convert Case to One under Chapter 7 of the Bankruptcy Code* [Docket No. 154] (the "Motion to Convert"), and on December 20, 2012 (the "Conversion Date"), the Bankruptcy Court entered an Order [Docket No. 156], which, granted the Motion to Convert.

6.      Trustee was appointed Chapter 7 Trustee of Debtor on December 20, 2012, and became permanent Trustee on February 6, 2013 at the conclusion of the Section 341 Meeting of Creditors.

7.    On March 21, 2013, Trustee filed an application to employ Applicant as his bankruptcy counsel [Docket No. 7] (the "AGG Retention Application") to perform legal services for Trustee.

8.    On April 2, 2013, the Court entered an Order approving the AGG Retention Application [Docket No. 17] (the "AGG Retention Order").

9.    Trustee has been successful in prosecuting avoidance actions under Chapter 5 of the Bankruptcy Code and in pursuing other claims and assets, including Debtor's interest in APS-Arti Joint Venture.

10.   As a result of Trustee's efforts, and despite how undesirable this case appeared at the outset of the Trustee's appointment, the secured creditor Bank of America, N.A. ("BANA") has been fully paid; Chapter 11 administrative fees and expenses have been fully paid, including $659,504.84 for unpaid wages during the chapter 11 portion of the case and $874,602.73 for the Chapter 11 administrative claim of the IRS; special counsel for the Chapter 7 Trustee has been paid in full; other professionals of the Chapter 7 Estate have been receiving payment; and other obligations have been paid. The Estate has $1,344,420.87 in cash, and Trustee represents that the Estate will have sufficient funds to pay in full all Chapter 7 administrative expense priority claims and still pay a significant distribution to unsecured priority creditors.

Applicant has, among other things, provided legal representation and assistance to the Trustee in: (i) the overall recovery of $6,226,935.64; (ii) selling certain business assets of the Debtor [Docket Nos. 198, 536 and 585]; (iii) rejecting burdensome leases

3
15448417v1

[Docket Nos. 208, 209, 244, 396 and 397]; (iv) collecting Debtor's outstanding accounts receivable for the benefit of BANA and the bankruptcy estate; (v) negotiating stay relief issues with BANA and Ford Motor Credit Company, LLC [Docket Nos. 197, 236 and 246]; (vi) negotiating with BANA, a surcharge of its collateral of over $320,000; (vii) negotiating and obtaining a complex settlement with the United States Department of Labor ("DOL") concerning employee claims and rights under the Service Contract Act that was approved by the Court (along with a later amendment) resulting in $659,504.84 disbursed to former employees of the Debtor through the DOL; (viii) retaining and compensating various other estate professionals such as auctioneer, expert witnesses, accountant, and special counsel; (ix) researching and analyzing potential claims on behalf of the Estate; (x) conducting discovery; (xi) filing and prosecuting multiple adversary proceedings against multiple defendants asserting various avoidance action claims (the "Avoidance Adversary Proceedings"); and (xii) prosecuting claim objections.

### **FEES REQUESTED FOR COMPENSATION PERIOD**

11.    For the Compensation Period, Applicant expended a total of not less than 261.2 hours in rendering services to Trustee.  A summary of the hours, hourly rates, and fees attributable to the various individuals at Applicant who rendered services to Trustee during the Compensation Period, as well as details of all of the work performed by Applicant on behalf of Trustee are set forth on Applicant's itemized time records are set forth on pages 24 and 25 of Exhibit "A1" and page 2 of both Exhibit "A2" and Exhibit "A3" attached to this Application.

12.    Applicant has rendered extensive professional services on behalf of Trustee and the Estate during the Compensation Period.  The major services performed by Applicant during the Compensation Period are summarized as follows:

a.    Provided information to various creditors regarding the status of the Bankruptcy Case;

b.    Reviewed numerous documents of Debtor;

c.    Researched the financial records of Debtor;

d.    Negotiated a stipulation with Bank of America, N.A. related to Debtor's accounts receivable and assisted Trustee in the collection of the same;

e.    Filed and prosecuted the Avoidance Adversary Proceedings;

f.    Filed numerous pleadings and/or appeared in court on behalf of Trustee with respect to the approval of various motions and applications filed during the Compensation Period, including: (i) applications to retain and compensate other estate professionals, (ii) motions to approve compromise and settlements with multiple defendants in adversary proceedings; (iii) succeeded with claim objections with the DOL under the Service Contract Act and individual employees and ultimately reached a consensual resolution that later had to be re-opened when DOL realized its calculations were faulty; (iv) a resolution with the IRS was reached to enable a large distribution to be made for administrative taxes owing that provided for the former employees and other chapter 11 administrative claimants to be fully paid; and (v) other obligations have been paid, including a significant distribution to unsecured priority tax creditors. DOL has slowly remitted payments of wages. Each time it remits, Debtor had a concomitant

tax liability to pay. DOL had a difficult time locating and paying some employees which delayed the final administrative taxes to be paid to the appropriate tax authorities. Applicant will assume the financial responsibility of paying the remaining tax liabilities in order to close this case.

13.    All legal services performed by Applicant for which compensation is sought through this Application were performed for and on behalf of the Trustee and not on behalf of any other person or entity.

14.    The fees charged by Applicant in this Bankruptcy Case are billed in accordance with Applicant's existing billing rates and procedures in effect during the Compensation Period.  The rates Applicant charges for the services rendered by its professionals and paraprofessionals in this Bankruptcy Case are the same rates Applicant charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters.  Such fees are reasonably based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive, national legal market.

15.    Based on the foregoing, Applicant seeks allowance of $114,271.50 as final compensation in this Bankruptcy Case for the Compensation Period.  Applicant shows that compensation in such amount is reasonable compensation based on the nature, the extent, and the value of services rendered, the time spent to provide such services, and the cost of comparable services other than in a bankruptcy case. Applicant further seeks the two (2%) percent Enhancement of $124,538.71, out of which he will pay all future tax liabilities chargeable to the Estate.

15448417v1

16.    Applicant submits that the fees requested in this Application are reasonable under the factors to be considered in evaluating applications for compensation first enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), a civil rights case, and made applicable to fee determinations in bankruptcy in *In re First Colonial Corp. of America*, 544 F.2d 1291, 1298-99 (5th Cir. 1977).   The following summarizes the application of the *Johnson* factors to this Bankruptcy Case:

a.    *Time and labor required*: Applicant has expended a total of 261.2 hours in the representation of the Trustee during the Compensation Period. Applicant attempted to work efficiently in all matters and to use attorneys and paraprofessionals in the most economic fashion. The substance of the time expended is set forth fully in **Exhibit "A"** to this Application. A great deal of fees and expenses were saved by employing special counsel on a contingency basis to pursue Chapter 5 actions and recoveries.

b.    *Novelty and difficulty of the legal questions*: The Bankruptcy Case thus far has been time consuming and involved a number of novel, complex, and difficult issues relative to various defenses asserted by the defendants in the Avoidance Adversary Proceedings. Additionally, this case looked very bleak at the outset with a high degree of likelihood that not even Chapter 7 administrative expenses could be paid: (i) the U. S. Department of Labor had asserted rights under the Service Contract Act and demanded all vendors pay it and not the Estate on open accounts receivable; (ii) the hard assets were mostly weapons,

which required special methods of handling and sale; (iii) BANA was demanding all funds recovered as its cash collateral and objected to every action and course of proceeding the Trustee attempted to take; (iv) an interloper Willowheart had moved in on all of Debtor's existing contracts in an attempt to "steal" the business and (v) Debtor's principal was himself in a Chapter 7 case, tried to move the business to family members through the Willowheart entity, and was unhelpful to the Trustee.

c. *Skill required to perform the legal services properly*: Applicant submits that the size of this Bankruptcy Case and the complex nature of the bankruptcy and non-bankruptcy issues have required extensive skill and experience as set forth in the preceding paragraphs.

d. *Preclusion of other employment due to acceptance of the case*: The amount of time devoted to this Bankruptcy Case by the attorneys and paraprofessionals of Applicant precluded them from performing other work to the extent of the time devoted to this Bankruptcy Case during the Compensation Period. Applicant devoted the necessary time and commitment to properly assess the opportunity presented and devoted a great deal of time before there was any likelihood of this becoming a successful case. This required exclusion of other matters to which Applicant's personnel could have instead devoted their time and energy.

e. *Customary fee for similar work in the community*: Applicant respectfully represents that the rates charged by Applicant as set forth in the

Summary Sheet attached as **Exhibit "A"** are commensurate with or below the rates charged by attorneys of similar skill and reputation.  Considering the time spent by the attorneys in this Bankruptcy Case and the rates charged, the average rate charged Trustee is $437.48 per hour.  Applicant submits that this average rate is within the low end of the range of rates customarily charged by attorneys of far less skill and experience for such a complex matter.

f.    *Whether fee is fixed or contingent*: Although Applicant has handled this matter on a time billing basis, payment has been contingent on successfully making a recovery on behalf of the Estate sufficiently large to cover the time expended thereby leaving Applicant at risk for non-payment.  As stated by the Eleventh Circuit in *Norman,* attorneys in such situations should be allowed to recover at their current and not historical rates.  Thus, Applicant is seeking less than it would be authorized to seek if it charged the Estate its current rates and reserves the right to seek such by amending its final application.  The 2% Enhancement, however, is essentially percentage based.

g.    *Time limitations imposed by the client or circumstances*: Applicant submits that its attorneys have been required to work under a number of time limitations imposed by the circumstances of this Bankruptcy Case, which included the entire 2012 holiday season with virtually no notice and having to lay off the entire armed workforce just one business day before Christmas Eve day.

h.    *Amount involved and results obtained*: The issues presented in this Bankruptcy Case involved numerous creditors, the collection of disputed

15448417v1

accounts receivable, the liquidation of corporate assets, and the assertion of various avoidance actions. Moreover, the secured creditor, BANA, objected to virtually every action and course of proceeding taken by the Trustee in this case, until paid in full. And yet, Trustee still extracted a $320,000.00 surcharge from BANA. Through Applicant's representation, these issues and others have largely been reached in a manner favorable to the Estate than otherwise possible, yielding a recovery of $6,226,935.64.

      i.    *Experience, reputation, and ability of attorneys*: Applicant respectfully represents that its attorneys have significant experience and ability in handling bankruptcy cases of the size and complexity of this Bankruptcy Case, and lead counsel has appeared before the Court for thirty-nine (39) years and is perhaps, the best known panel trustee in the country, having made over 175 seminar presentations, and published over 75 articles in scholarly journals, held every office and served as President of the National Association of Bankruptcy Trustees, and chaired its amicus committee for eight years, held leadership positions in the American Bankruptcy Institute, and is one of the few panel trustees ever inducted as a Fellow in the American College of Bankruptcy. **Exhibit "B"** attached to this Application consists of the résumés of Applicant's attorneys charging for his or her services on behalf of Trustee.

      j.    *Undesirability of the case*: Applicant respectfully represents that this Bankruptcy Case was undesirable given the significant amount of resources and time and effort that had to be committed to this Bankruptcy Case during a holiday

15448417v1

season at the outset of which the entire workforce had to be laid off by the Trustee one business day before Christmas Eve day, with BANA, USDOL, Internal Revenue Service, and others demanding entitlement and priority with respect to all recoveries, the DOL notifying the Debtor's clients not to remit payment to the Trustee, BANA being represented by a notoriously difficult lawyer who objected to all courses of action taken by the Trustee, no cooperation from the principal of the debtor, and no certainty (and at best a lengthy delay) of payment or the outcome of this Bankruptcy Case in general. Indeed, the Applicant went many years before receiving any compensation in this case.

k.    *Nature and length of the professional relationship with the client*: Applicant routinely represents this Trustee and has been engaged to represent this Trustee in other matters and has represented other trustees throughout the country in several hundred cases.

l.    *Awards in similar cases*: Applicant respectfully represents that the amounts sought in the Application are reasonable and within the range of awards in similar cases.  Indeed, as aforesaid, the Eleventh Circuit in *Norman* made it clear that compensation should be at current rates and not lower historical rates. Here, Applicant *only* seeks compensation at historical rates plus the 2% Enhancement.

## REIMBURSEMENT OF EXPENSES
## REQUESTED FOR COMPENSATION PERIOD

17.    In connection with the provision of services as set forth hereinabove, Applicant has incurred actual, necessary expenses in the Compensation Period in the

amount of $395.53.  Expenses are itemized by project billing code on **Exhibit "A"** of this Application.  Applicant seeks allowance and reimbursement of those expenses.

18.    This is the third and final application for fees Applicant has filed in this Bankruptcy Case.  Applicant has previously requested and has received payment for any services rendered as counsel for Trustee and reimbursement of expenses.  Applicant has not entered into any arrangement or understanding with any person or entity with respect to the sharing of fees and expenses for which Applicant is seeking compensation and reimbursement as set forth in this Application, except as permitted by Section 504(b)(1) of the Bankruptcy Code.  Applicant reiterates that this Application covers only representation of the Trustee on matters from October 12, 2018 through September 8, 2020, during the course of this Bankruptcy Case, plus the 2% Enhancement.

19.    As of the date of this Application, the Trustee holds a total of $1,344,420.87 in his fiduciary account.  Accordingly, Applicant proposes payment of the compensation and reimbursement of expenses sought by Applicant in this Application.

**WHEREFORE**, Applicant respectfully requests that this Court enter an order:

(a)    Allowing Applicant final compensation in the amount of $114,271.00, plus the 2% Enhancement of $124,538.71, for a total of $238,809.71, as and for the reasonable value for actual and necessary services rendered in connection with its retention as counsel to Trustee during the Compensation Period;

15448417v1

(b)    Allowing Applicant the sum of $395.53 for the reimbursement of actual and necessary out-of-pocket expenses incurred in this Case during the Compensation Period;

(c)    Authorizing the Trustee to pay the allowed fees and all of the allowed expenses, totaling $239,205.24, from Trustee's fiduciary account for this Bankruptcy Case; and

(d)    Granting Applicant such other and further relief as may be just and proper.

Dated: September 21 , 2020

Respectfully submitted,

ARNALL GOLDEN GREGORY LLP

By: /s/Neil C. Gordon
      Neil C. Gordon
      Georgia Bar No. 302387
171 17th Street NW, Suite 2100
Atlanta, GA 30363-1031
(404) 873-8500
neil.gordon@agg.com

*Attorneys for Trustee*

13
15448417v1

# Arnall Golden Gregory LLP

Counsel for Trustee, Neil C. Gordon
171 17th Street
Suite 2100
Atlanta, GA 30363-1031

July 17, 2020
Invoice #803834
Neil C. Gordon

**For Legal Services Rendered In Connection With:**

Client/Matter #18130-1111
Alpha Protective Services, Inc. (Case No. 12-70482-JTL)

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 01/12/18 | W. Matthews | 0.20 | Review voice mail message from J. Jennings regarding W-4 forms sent to employees and review earlier emails regarding wage claims |
| 10/12/18 | N. Overholtzer | 3.10 | Review bills and draft fee application (1.6); notice of hearing (.9); draft and update attorney biographies (.8) |
| 10/12/18 | W. Matthews | 1.40 | Review earlier messages and notes of claimant excluded from omnibus objection and begin draft of objection to administrative expense request filed by former employee E. Womack (1.2); exchange email messages with V. Clowers at Bankruptcy Court regarding status of preparing objection to E. Womack claim (0.2) |
| 10/13/18 | N. Gordon | 4.60 | Work on interim fee application and redraft and finalize same and related hearing notice |
| 10/15/18 | N. Overholtzer | 4.90 | Revise and finalize fee application and notice of hearing (.7); finalize bills and attorney biographies (.5); file fee application (.5); serve notice on all parties (390 individuals and entities) (3.2) |
| 10/15/18 | W. Matthews | 0.50 | Review ECF fee application and notice of hearing and calendar hearing date (0.2); memo from N. Gordon regarding need for me to handle hearing in Columbus (0.3) |
| 10/17/18 | N. Overholtzer | 0.30 | Provide status update re: adversary cases to N. Gordon |
| 10/17/18 | W. Matthews | 0.60 | Review order entered in adversary proceeding and monitor email traffic between N. Gordon and F. Whiteside regarding scheduling discussion on whether to appeal |

A LATE CHARGE OF 1-1/2% PER MONTH WILL BE APPLIED TO BALANCES OUTSTANDING OVER 60 DAYS

FEI# 58-0543673

Atlanta, GA | Washington, DC

ALL BILLING RELATED QUERIES: Phone: 404.873.8500 | Fax: 404.873.8501



EXHIBIT
"A1"

**Counsel for Trustee, Neil C. Gordon**

**Client/Matter #18130-1111**

July 17, 2020
Invoice #803834
Neil C. Gordon
Page 2

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|------------|-------|-------------|
| 10/23/18 | W. Matthews | 1.20 | Memo from N. Gordon regarding phone appearance at hearing on fee application (0.2); review notice of hearing and calendar deadline for objections (0.2); review voice mail from clerk regarding E. Womack request for administrative expense and return call to clerk to leave voice mail regarding status (0.2); compose email message to V. Clowers in clerk's office to advise of status (0.2); memo to N. Gordon regarding E. Womack claim not included in schedules attached to omnibus objections to claims (0.4) |
| 10/24/18 | M. Bargar | 0.40 | Evaluate and analyze memo from B. Matthews regarding legal and tax issues related to DOL payment (.3); draft memo to B. Matthews regarding same and suggested course of action (.1) |
| 10/24/18 | W. Matthews | 2.90 | Review email message from J. Jennings regarding IRS notice of taxes due from bankruptcy estate in connection with wages paid by U.S. Department of Labor and review earlier messages regarding expected liability for employer's share of employment taxes and analyze tax issues (2.3); compose email message to N. Gordon and A. Ford regarding IRS notice (0.2; compose email message to N. Gordon and A. Ford regarding earlier IRS notice for wages paid by USDOL during fourth quarter of 2017 (0.2); additional email exchanges with J. Jennings regarding periods during which USDOL paid wage claims resulting in tax liability to estate (0.2) |
| 10/26/18 | N. Overholtzer | 0.50 | Serve objections to claims |
| 10/26/18 | N. Gordon | 0.30 | Review and revise objection to claims |

Counsel for Trustee, Neil C. Gordon

Client/Matter #18130-1111

July 17, 2020
Invoice #803834
Neil C. Gordon
Page 3

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 10/26/18 | W. Matthews | 4.80 | Pull docket to retrieve information needed to include in objection regarding background of wage claims paid by Department of Labor and earlier omnibus objections to wage claims and revise objection to motion for payment of administrative expense wage claim filed by E. Womack (1.1); exchange multiple email messages with S. Williams regarding Columbus hearing date (0.3); retrieve claim and email messages relating to claim filed by California Franchise Tax Board and review same (0.3); draft objection to claim and notice of hearing for California Franchise Tax Board Claim (0.9); compose email message to J. Jennings regarding draft objection to California tax claim (0.2); coordinate with N. Overholtzer to mail service copies of objections (0.2); compose email messages to S. Williams and to V. Clowers regarding filed objections (0.2); continued analysis of tax issues arising from USDOL payment of wage claims and multiple email messages from J. Jennings regarding tax issues (1.6) |
| 10/31/18 | A. Ford | 0.60 | Review of file and prepare initial draft of trustee's annual report including form 1-asset record and form 2-cash receipts & disbursements record |
| 11/01/18 | W. Matthews | 0.30 | Review docket entry regarding status report needed and exchange email messages with A. Ford regarding same |
| 11/05/18 | W. Matthews | 0.40 | Review email message from C. Stewart regarding call from California Franchise Tax Board (0.2); compose email message to J. Jennings regarding same (0.2) |
| 11/06/18 | W. Matthews | 0.70 | Review fee application and compose email message to N. Overholtzer regarding draft proposed order (0.2); review email message from J. Jennings regarding objection to tax claim and exchange email messages with A. Ford regarding copy of cleared check needed to provide to California Franchise Tax Board (0.3); exchange email messages with F. Whtieside regarding presenting proposed order on fee application and regarding arrangements for telephone appearance at hearing on fee application (0.2) |
| 11/07/18 | N. Overholtzer | 0.70 | Draft and revise proposed order payment of AGG fee |

**Counsel for Trustee, Neil C. Gordon**

July 17, 2020
Invoice #803834
Neil C. Gordon
Page 4

**Client/Matter #18130-1111**

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>DESCRIPTION</u> |
|---|---|---|---|
| 11/07/18 | W. Matthews | 1.10 | Call F. Whiteside to discuss hearing on fee applications and telephonic appearance issues (0.3); review and revise N. Overholtzer draft of proposed order on fee application for counsel for trustee (0.4); exchange email messages and call to S. Williams regarding telephonic appearance (0.2); compose email message to F. Whiteside to send copy of proposed order presented via ECF upload (0.2) |
| 11/08/18 | W. Matthews | 1.80 | Review fee application and billing statement and attend hearing on fee application via telephone appearance (0.9); memo to N. Gordon regarding outcome of hearing (0.2); exchange email messages with J. Jennings regarding his call to contact D. Troutt at California Franchise Tax Board (0.2); review email from J. Jennings to D. Troutt regarding objection to Tax Board claim (0.2); review proof of claim and filed objection to confirm that administrative expense portion of claim is main issue (0.3) |
| 11/09/18 | W. Matthews | 3.20 | Review ECF orders on applications for compensation filed by F. Whiteside for special counsel and for various experts and professionals (0.4); review omnibus objections to employee claims and review docket and claims register to determine if any other claims or requests for administrative expenses were missed other than pending E. Womack objection (2.8) |
| 11/13/18 | W. Matthews | 1.00 | Compose email message to S. Williams regarding passing of deadline for any objections to fee application (0.2); review email message from J. Jennings with attached IRS letter on third quarter wages paid by Department of Labor (0.6); compose response message to J. Jennings regarding next steps for tax payments (0.2) |
| 11/14/18 | W. Matthews | 0.40 | Exchange email messages with S. Williams regarding order on fee application (0.2); review ECF order on fee application and compose email message to N. Gordon and A. Ford regarding same (0.2) |
| 11/19/18 | W. Matthews | 0.50 | Review ECF filed amended claim of California Franchise Tax Board and compare to earlier claim (0.3); compose email message to J. Jennings regarding amended claim and analysis (0.2) |

**Counsel for Trustee, Neil C. Gordon**

Client/Matter #18130-1111

July 17, 2020
Invoice #803834
Neil C. Gordon
Page 5

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>DESCRIPTION</u> |
|------|-----------|-------|-------------|
| 11/26/18 | W. Matthews | 0.20 | Review message from J. Jennings regarding revised proof of claim for California Franchise Tax Board |
| 11/28/18 | W. Matthews | 6.40 | Review message from J. Jennings with attached IRS notice for employer taxes due as a result of USDOL payment of Chapter 11 administrative expense priority wage claims and compare to amount expected to be paid (0.3); review and analysis of existing order and motion that permits payment of tax claims and analysis of whether estate has sufficient authority to pay tax claims (0.9); research to confirm that employer's share of employment taxes has same priority as underlying wage claim paid during bankruptcy (2.4); draft motion for authority to pay employment tax claims resulting from payment of Chapter 11 administrative expense priority wage claims and draft proposed order regarding same (2.3); coordinate with C. Stewart to serve (0.2); compose email message to N. Gordon to provide analysis of need to seek authority to pay employment tax claims having Chapter 11 administrative expense priority (0.3) |
| 11/30/18 | W. Matthews | 4.70 | Review memo from USBC regarding need for negative notice of hearing on motion to pay tax claim (0.2); call to calendar clerk to request hearing date and to determine deadline for any responses or objections (0.2); draft notice of hearing and of deadline for response (0.6); coordinate with C. Stewart to serve (0.2); review amended claim of California Franchise Tax Board and analysis and review of all tax claims having priority under Section 507(a)(8) to determine if amended claim is still subject to objection (3.1); multiple email messages to J. Jennings regarding amended claim and regarding priority pre-petition tax claims (0.4) |

Counsel for Trustee, Neil C. Gordon

Client/Matter #18130-1111

July 17, 2020
Invoice #803834
Neil C. Gordon
Page 6

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|---|---|---|---|
| 12/03/18 | W. Matthews | 5.00 | Review voice mail from calendar clerk regarding expiration of deadline for response to objection to claim of E. Womack (0.2); review email messages to confirm amended claim resolves objection and draft withdrawal of objection to claim of California Tax Franchise Board (0.4); coordinate with C. Stewart to serve (0.2); draft proposed order granting objection to claim of E. Womack (0.4); review email message from J. Jennings regarding wages paid to employees by USDOL and issues with FUTA tax wage base (0.3); analysis of tax issues and locate lists of gross amounts to be paid by USDOL to employees stationed at Fort Bragg and at EPA (2.7); multiple email messages to J. Jennings regarding same and regarding analysis of $8,000 wage base for FUTA taxes (0.8) |
| 12/04/18 | W. Matthews | 1.30 | Additional email exchanges with J. Jennings regarding tax claims and wage payments made over $8,000 FUTA base wage (0.4); exchange email messages with J. Jennings confirming communications with USDOL regarding efforts to locate employees (0.3); additional email message from J. Jennings regarding wages paid by USDOL to former employees during third quarter (0.2); compose detailed email message to R. Blaylock at Department of Labor regarding detailed wage payment information needed so that estate can prepare and file returns to employer's share of employment taxes (0.4) |
| 12/05/18 | W. Matthews | 0.20 | Exchange email messages with D. Troutt of California Franchise Tax Board to send copy of claim withdrawal |
| 12/06/18 | W. Matthews | 0.30 | Review ECF order on E. Womack claim and exchange email messages with calendar clerk regarding same |
| 12/10/18 | N. Gordon | 0.20 | Review entered order on claim objection and memo from W.Matthews |
| 12/11/18 | W. Matthews | 0.40 | Review J. Jennings message regarding likely interest on IRS claims relating to employer's share of taxes for wage claims paid by Department of Labor (0.2); check hearing date and objection deadline on motion to pay IRS and compose response to J. Jennings (0.2) |

**Counsel for Trustee, Neil C. Gordon**

**Client/Matter #18130-1111**

July 17, 2020
Invoice #803834
Neil C. Gordon
Page 7

| **DATE** | **TIMEKEEPER** | **HOURS** | **DESCRIPTION** |
|---|---|---|---|
| 12/13/18 | W. Matthews | 3.40 | Additional analysis of notices received from IRS, listing of wage claims attached to earlier omnibus objections and wage claims having Chapter 11 administrative expense priority and analysis of estimate of amount of employer's share of employment taxes that will need to be paid as a result of wage claims paid by Department of Labor |
| 12/27/18 | W. Matthews | 1.10 | Review notice of hearing and earlier documents to explain why it was sufficient to serve notice only on tax priority creditors and not on full matrix and revise proposed order granting motion to pay IRS for employer's share of employment taxes relating to USDOL wage payments (0.9); compose email message to N. Gordon and J. Jennings regarding draft proposed order (0.2) |
| 12/28/18 | W. Matthews | 0.40 | Review deadlines and hearing date (0.2); compose email message to S. Williams in Judge Laney's office regarding order presented and request to appear telephonically if hearing goes forward (0.2) |
| 12/31/18 | W. Matthews | 0.40 | Review email message from J. Jennings regarding IRS notices received and expected to be received in connection with wages paid by Department of Labor (0.2); compose response message to J. Jennings regarding recommended approach to paying IRS notices and regarding pending motion to authorize payments (0.2) |
| 01/02/19 | W. Matthews | 0.60 | Exchange email messages with F. Whiteside regarding telephonic appearance at hearing (0.2); review ECF order entered to allow estate to pay IRS Chapter 11 administrative expense employment taxes arising from USDOL payment of Ch. 11 administrative expense wages (0.2); compose email message to A. Ford regarding authorization to pay IRS (0.2) |
| 01/03/19 | W. Matthews | 1.80 | Retrieve and review and analyzes IRS notices to determine which items can be paid under authority of recent order authorizing payment of Chapter 11 administrative expense employment taxes and analysis of likely amount of employment related taxes expected as a result of USDOL payment of Chapter 11 administrative expense priority wage claims (1.4); exchange email messages with J. Jennings regarding IRS notices (0.2); compose email message to R. Blaylock and others at Department of Labor to request additional information on wages paid (0.2) |

**Counsel for Trustee, Neil C. Gordon**

July 17, 2020
Invoice #803834
Neil C. Gordon
Page 8

**Client/Matter #18130-1111**

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>DESCRIPTION</u> |
|---|---|---|---|
| 01/08/19 | W. Matthews | 0.60 | Exchange email messages with J. Jennings regarding IRS notices and what items are due to be paid (0.3); memo to N. Gordon regarding payments to be made to IRS as a result of USDOL payment of wage claims (0.3) |
| 01/09/19 | W. Matthews | 1.20 | Review voice mail message from S. Sellers, attorney for J. Brinson, regarding K-1 forms issued to him (0.2); return call to S. Sellers regarding post-Chapter 7 K-1 income (0.3); compose detailed email message to J. Jennings regarding call from S. Sellers (0.3); memo to A. Ford regarding payment to IRS (0.2); compose email message to J. Jennings regarding same (0.2) |
| 01/10/19 | W. Matthews | 0.90 | Review email message from J. Jennings regarding K-1's issued to J. Brinson (0.2); locate and review PACER docket for J. Brinson individual case (0.3); response to J. Jennings regarding J. Brinson case and waiver of discharge and call to J. Jennings regarding call from J. Brinson attorney (0.4) |
| 01/11/19 | W. Matthews | 0.80 | Multiple email messages with K. Bolden of USDOL and with J. Jennings regarding any wages paid in fourth quarter and regarding additional information needed for bankruptcy estate to prepare tax returns (0.6); compose email message to S. Sellers regarding call from J. Jennings and K-1's issued to her client J. Brinson (0.2) |
| 01/16/19 | W. Matthews | 0.80 | Exchange email messages with J. Jennings regarding pending tax issues (0.2); review email message from USDOL regarding request for copies of 941-X forms filed by DOL (0.2); review email message from K. Bolden at USDOL regarding wage payments made in third quarter (0.2); compose email message to union representative M. Simmons regarding employees who have not responded in order to receive back wages (0.2) |
| 01/18/19 | W. Matthews | 0.20 | Exchange email messages with J. Jennings regarding call from J. Brinson's attorney, S. Sellers, and regarding K-1's and regarding J. Brinson bankruptcy |
| 01/21/19 | W. Matthews | 0.30 | Messages from J. Jennings regarding K-1's issued to J. Brinson and regarding preparation of tax returns for bankruptcy estate |

**Counsel for Trustee, Neil C. Gordon**

**Client/Matter #18130-1111**

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|------------|-------|-------------|
| 01/22/19 | W. Matthews | 0.70 | Call from B. Snell regarding order authorizing payments to IRS for employment taxes arising from payment of wage claims paid by USDOL and separate issue of IRS proof of claim (0.3); multiple email messages to B. Snell to explain issue of payments to IRS as a result of payment of Chapter 11 administrative expense priority wage claims (0.4) |
| 01/23/19 | W. Matthews | 2.80 | Additional exchange with B. Snell regarding order fixing IRS pre-petition priority claim and separate issue of payments made by estate to IRS as a result of USDOL payment of wages (0.4); continued review of tax issues and messages from USDOL regarding W-2 wages and amounts paid in various quarters (2.4) |
| 01/28/19 | W. Matthews | 0.20 | Review voice mail message from J. Jennings regarding tax returns for NC and for IRS |
| 01/30/19 | W. Matthews | 2.20 | Review package from J. Jennings with tax returns for NC and for IRS and with letter requesting checks (0.9); compose email message to N. Gordon and A. Ford regarding deadlines and logistics of getting check prepared and letter with postmark to NC. (0.2); review and analysis of tax issues (1.1) |
| 02/13/19 | W. Matthews | 2.90 | Review of docket to make list of employee motions to pay Chapter 11 administrative expense wage claims and check against omnibus objections to claims to confirm all motions were addressed in objections and in orders |
| 02/14/19 | W. Matthews | 3.40 | Retrieve and review claims register and confirm that all claims filed by employees for Chapter 11 wages were covered by omnibus objections and by order on omnibus objections and analysis of remaining claims to confirm no further claim objections will be needed |
| 03/06/19 | W. Matthews | 1.60 | Review pending tax issues and exchange email messages with J. Jennings regarding how to handle North Carolina penalty and additional larger penalty expected for different quarter of year |
| 03/11/19 | W. Matthews | 0.30 | Review documents and send email message to J. Jennings regarding letter sent to NC tax authority |

**Counsel for Trustee, Neil C. Gordon**

**Client/Matter #18130-1111**

July 17, 2020
Invoice #803834
Neil C. Gordon
Page 10

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>DESCRIPTION</u> |
|---|---|---|---|
| 04/01/19 | W. Matthews | 2.60 | Review email message from S. Alston regarding late husband's pension plan (0.2); Review omnibus objection, docket, and mailing matrix and review list of employees received from USDOL to determine if Mr. Alston was owed wages and to determine if Alpha had pension plan (2.4) |
| 04/19/19 | W. Matthews | 3.60 | Review F. Whiteside notice regarding adversary proceedings winding down (0.2); review tax issues and expectations regarding additional tax notices to be issued by IRS with regard to wages paid by Department of Labor (3.2); email message to J. Jennings and T. Brummer regarding remaining issues (0.2) |
| 04/20/19 | W. Matthews | 0.30 | Review J. Jennings message regarding remaining tax issues and review his message to Department of Labor regarding employees still not paid |
| 05/01/19 | W. Matthews | 0.90 | Review K. Bolden email messages regarding employees not located by U.S. Department of Labor and locate earlier messages identifying employees (0.5); compose email message to K. Bolden regarding employees at Fort Bragg location (0.2); compose email message to T. Brummer and J. Jennings to provide update (0.2) |
| 05/30/19 | W. Matthews | 1.10 | Analysis of case closing issues and distribution to be made only to pre-petition tax priority claimants and multiple email exchanges with N. Gordon regarding same |
| 06/03/19 | W. Matthews | 0.40 | Review email message from J. Jennings regarding notice received from NC tax authority (0.2); review email message from Oak Point regarding proposal for remnant deal (0.2) |
| 06/04/19 | N. Gordon | 0.60 | Negotiate sale of remnants and terms, legal issues, etc. |
| 06/04/19 | W. Matthews | 0.60 | Email messages to and from J. Jennings regarding employees still to be located by USDOL and review J. Jennings exchange with USDOL regarding status (0.4); additional email exchange with J. Jennings regarding possibly setting aside a reserve for employees to be paid (0.2) |

**Counsel for Trustee, Neil C. Gordon**

**Client/Matter #18130-1111**

**July 17, 2020**
**Invoice #803834**
**Neil C. Gordon**
**Page 11**

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>DESCRIPTION</u> |
|---|---|---|---|
| 06/06/19 | W. Matthews | 0.90 | Review documents regarding employees still remaining to be paid by USDOL and analysis of possible need for reserve to pay taxes relating to wage claims that could be paid by USDOL after bankruptcy case is closed |
| 06/12/19 | W. Matthews | 1.50 | Call from J. Jennings regarding tax issues still to be resolved and efforts to get information from USDOL on wages paid by USDOL (0.3); review documents and earlier emails and compose detailed email message to D. Cireino at USDOL to provide details that could assist in locating Form 941-X needed to finalize tax issue (1.2) |
| 06/13/19 | W. Matthews | 0.40 | Review email message from D. Cirino at USDOL regarding 941-X form (0.2); compose email message to J. Jennings regarding additional details still needed (0.2) |
| 06/14/19 | W. Matthews | 0.80 | Compose detailed email message to D. Cirino regarding when wages were paid by USDOL and what 941-X forms are still needed (0,.4); review responses from D. Cirino (0.2); compose email message to J. Jennings regarding details still needed following receipt of limited information (0.2) |
| 06/17/19 | W. Matthews | 1.30 | Multiple email messages to and from J. Jennings regarding 941 forms still missing from USDOL (0.4); review tax documents and earlier emails (0.9) |
| 06/19/19 | W. Matthews | 0.20 | Review messages from J. Jennings regarding ID number needed for North Carolina tax filings and other tax issues |
| 06/21/19 | W. Matthews | 0.60 | Review tax issues and exchange email messages with J. Jennings and T. Brummer regarding 941 taxes |
| 06/25/19 | W. Matthews | 1.30 | Review D. Cirino message with attached requested 941-X information needed (0.3); compose response to D. Cirino at USDOL (0.1); compose email message to T. Brummer to send located 941-X information needed to show wages paid by USDOL (0.1); monitor email traffic between J. Jennings and T. Brummer regarding remaining tax issues (0.2); review files to search for 940 tax returns that will be needed to resolve tax issues and close case (0.6) |

**Counsel for Trustee, Neil C. Gordon**

**Client/Matter #18130-1111**

July 17, 2020
Invoice #803834
Neil C. Gordon
Page 12

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>DESCRIPTION</u> |
|---|---|---|---|
| 06/26/19 | W. Matthews | 1.30 | Continued review of tax issues and locate 2018 Form 940 to send to J. Jennings (0.9) locate North Carolina tax returns sent at same time as form 940 and send NC tax returns to J. Jennings (0.4) |
| 06/27/19 | W. Matthews | 0.40 | Additional review of documents and exchange email messages with J. Jennings regarding tax returns and closing of case |
| 07/11/19 | W. Matthews | 1.10 | Review tax issues and review package of documents from J. Jennings with federal and state tax returns and analysis |
| 07/17/19 | W. Matthews | 0.40 | Review documents received from J. Jennings and compose memo to N. Gordon and A. Ford regarding taxes to be paid to IRS and to North Carolina and returns to be executed by Trustee |
| 07/22/19 | W. Matthews | 0.70 | Review tax issues and compose email message to N. Gordon and A. Ford regarding J. Jennings request for copies of executed returns for use in preparing prompt determination letters |
| 07/23/19 | W. Matthews | 0.60 | Review status of tax issues (0.4); exchange email messages with N. Overholtzer regarding need to send copies of executed tax returns to J. Jennings (0.2) |
| 07/24/19 | W. Matthews | 0.60 | Review J. Jennings draft letter to IRS and compose email message to J. Jennings regarding revision |
| 07/26/19 | W. Matthews | 1.70 | Locate email messages from USDOL regarding employees still to be located and review docket and claims and conduct online research to attempt to locate updated addresses |
| 07/30/19 | W. Matthews | 2.10 | Review North Carolina zero balance return received from J. Jennings with explanatory letter (0.4); coordinate with N. Overholtzer and A. Ford to get mailed timely (0.2); review email message from J. Jennings regarding corporate tax returns and forms needed to be executed to authorize electronic filing of returns and review files to determine if returns were received and filed (1.3); compose email message to J. Jennings to request forms be re-sent to us (0.2) |

**Counsel for Trustee, Neil C. Gordon**

**July 17, 2020**
**Invoice #803834**
**Neil C. Gordon**
**Page 13**

**Client/Matter #18130-1111**

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>DESCRIPTION</u> |
|---|---|---|---|
| 08/01/19 | W. Matthews | 0.60 | Memo from A. Ford regarding e-file documents to authorize electronic filing of corporate returns (0.3); memo to J. Jennings regarding e-file documents and tax issues (0.3) |
| 08/06/19 | W. Matthews | 0.60 | Review files and determine if Section 505 letters were sent and email to J. Jennings regarding same and other tax issues |
| 08/14/19 | W. Matthews | 0.90 | Review tax files and memo to J. Jennings regarding additional letters for Section 505 requests |
| 08/21/19 | W. Matthews | 0.70 | Review status of tax issues and whether all tax periods are covered by Section 505 letters previously sent |
| 08/23/19 | W. Matthews | 1.10 | Review J. Jennings message regarding additional amount paid by USDOL (0.2); review listing of gross amounts to be paid to employees and locate amount referenced in Form 941 filed by USDOL and analysis to J. Jennings regarding payment apparently made to B. Reaves (0.9) |
| 08/26/19 | W. Matthews | 0.80 | Review earlier USDOL messages regarding employees not located and confirm amount owing to B. Reaves (0.7); email message to J. Jennings regarding same (0.1) |
| 09/03/19 | W. Matthews | 0.80 | Memo from J. Jennings regarding additional tax due to N. Carolina and review tax return (0.4); review earlier tax returns and employees paid by USDOL and determination of need for additional tax owed (0.4) |
| 09/04/19 | W. Matthews | 0.30 | Memo to N. Overholtzer regarding tax return and check to N. Carolina for employer share of taxes relating to employee located and paid by USDOL |
| 09/06/19 | W. Matthews | 0.80 | Review status of tax issues and memo to A. Ford and N. Overholtzer regarding copies of North Carolina returns needed (0.6); review N. Overholtzer memo to J. Jennings regarding one NC tax return (0.2) |
| 09/09/19 | W. Matthews | 0.40 | Review status of tax issues and memo to A. Ford and N. Overholtzer regarding North Carolina return for 2019 first quarter |

**Counsel for Trustee, Neil C. Gordon**

**Client/Matter #18130-1111**

July 17, 2020
Invoice #803834
Neil C. Gordon
Page 14

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>DESCRIPTION</u> |
|---|---|---|---|
| 09/16/19 | W. Matthews | 1.60 | Review tax issues and check files for scanned copies of executed returns (1.4); memo to N. Gordon regarding executed return copies needed (0.2) |
| 09/17/19 | W. Matthews | 1.20 | Review status of tax issues and memo to J. Jennings regarding which North Carolina tax returns are needed in order to respond to letter from tax authority |
| 09/19/19 | N. Gordon | 0.40 | Memo to W.Matthews re motions to sell remnants and motion to declare no remaining liability to DOL or employees |
| 09/19/19 | W. Matthews | 4.80 | Review docket and pleadings and analysis of whether employer's share of taxes relating to employees not yet located by USDOL could be paid to USDOL so that no reserve would need to be made for later payment to IRS |
| 09/24/19 | N. Gordon | 0.60 | Correspondence with Alicia Den Beste re asset purchase agreement for remnant sale (.3); memo to W.Matthews re same and motion to determine against DOL (.3) |
| 10/01/19 | W. Matthews | 1.10 | Begin review of documents for tax analysis and analysis of settlement with Department of Labor to determine if case could be closed prior to DOL locating and paying all former employees |
| 10/02/19 | W. Matthews | 3.40 | Online research for Department of Labor Field Operations Manual and regulations and any information about escheat or reversion to U.S. Treasury if last four employees are not located within three years (2.2); detailed correspondence to R. Blaylock and others at USDOL regarding escheat or reversion issues (0.3); review R. Blaylock response correspondent (0.1); locate names of last four employees not located by USDOL and locate spreadsheet regarding gross amounts to be paid to those employees and correspondence to R. Blaylock to provide information (0.6); correspondence to J. Jennings regarding possible settlement concept to get USDOL to pay all taxes relating to future payments to employees (0.2) |

**Counsel for Trustee, Neil C. Gordon**

**Client/Matter #18130-1111**

July 17, 2020
Invoice #803834
Neil C. Gordon
Page 15

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>DESCRIPTION</u> |
|---|---|---|---|
| 10/03/19 | W. Matthews | 5.60 | Continued review of documents and earlier distribution analysis and consideration of how to pay IRS and North Carolina possible future tax obligations if USDOL locates and pays missing employees (3.8); detailed memos to and from N. Gordon regarding analysis and how to handle tax issues (0.6); multiple detailed correspondence to USDOL regarding whether funds paid to USDOL will escheat or revert to Treasury if last four employees are not located and paid (0.6); correspondence to J. Jennings to request estimate of tax obligations (0.2); additional correspondence to USDOL regarding possible settlement or way for USDOL to pay employer's share of employment related taxes (0.4) |
| 10/04/19 | W. Matthews | 0.60 | Additional correspondence to and from K. Bolden at USDOL regarding reversion or escheat deadline and inability of USDOL to handle logistics of paying employer's share of employment related taxes |
| 10/07/19 | W. Matthews | 0.20 | Correspondence to and from J. Jennings regarding penalty notice received from IRS |
| 10/09/19 | W. Matthews | 1.10 | Continued review and analysis of pending tax issues and how to seek to close case even though future tax obligations could arise when USDOL pays former employees back wages having Chapter 11 administrative expense priority |
| 10/10/19 | W. Matthews | 2.20 | Continued review and analysis of tax issues relating to moving case toward closing |
| 10/11/19 | W. Matthews | 2.10 | Review status and prepare correspondence to K. Bolden to offer assistance to locate unpaid former employees (0.3); online searches for former employees not located or paid by USDOL (1.8) |
| 10/15/19 | W. Matthews | 1.20 | Continued review and analysis and research regarding tax issues to be addressed before case can proceed to closing |

Counsel for Trustee, Neil C. Gordon

Client/Matter #18130-1111

July 17, 2020
Invoice #803834
Neil C. Gordon
Page 16

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 10/16/19 | W. Matthews | 2.10 | Correspondence to and from K. Bolden at USDOL regarding efforts to locate former employees to be paid back wages (0.2); discussion with J. Jennings regarding how to handle remaining tax issues and possible future tax obligations (0.5); review correspondence from J. Jennings regarding proposal for enhancement for accountants to handle future tax liabilities (0.2); continued review and analysis of tax issues (1.2) |
| 10/17/19 | W. Matthews | 0.90 | Review IRS notice regarding tax liability for back wages paid by USDOL for second quarter of 2019 (0.2); correspondence to and from J. Jennings regarding same and regarding former employees to be located (0.7) |
| 10/21/19 | W. Matthews | 1.30 | Correspondence from J. Jennings regarding penalty notice from IRS (0.1); analysis of tax issues and whether estate should appeal penalty notice since late payment by estate was due to late notice from Department of Labor regarding wages paid by DOL and analysis of related tax issues (1.1); correspondence to J. Jennings regarding decision to pay penalty without expense of appeal (0.1) |
| 10/23/19 | W. Matthews | 0.30 | Review correspondence from A. Den Beste regarding proposed remnant sale and review status |
| 10/24/19 | W. Matthews | 5.70 | Review IRS notices for penalties and memos to and locate order authorizing payment of Ch. 11 administrative expense taxes relating to wage payments (0.4); memos to and from A. Ford regarding authorization to pay taxes and penalties relating to latest notices from IRS (0.3); review correspondence between N. Gordon and A. Den Beste regarding remnant sale (0.2); analysis of all tax issues and correspondence and prepare lengthy memo to N. Gordon regarding tax issues that may still arise due to USDOL payment of wages and regarding recommendations of how to handle tax issues and closing case before tax issues are resolved (4.6) |
| 10/25/19 | N. Gordon | 0.60 | Telephone call with A. Den Beste of Oak Partners re motion to sell remnants, procedures, possible issues, etc. |

Counsel for Trustee, Neil C. Gordon

Client/Matter #18130-1111

July 17, 2020
Invoice #803834
Neil C. Gordon
Page 17

| **DATE** | **TIMEKEEPER** | **HOURS** | **DESCRIPTION** |
|---|---|---|---|
| 10/25/19 | W. Matthews | 3.80 | Continued review of tax issues and correspondence to J. Jennings regarding case closing prior to resolution of all tax issues (3.2); telephone conference with J. Jennings to discuss tax issues (0.4); memo from N. Gordon regarding tax issues and next steps and possible fee enhancement (0.2) |
| 10/28/19 | W. Matthews | 1.10 | Correspondence from J. Jennings regarding remaining tax issues (0.2); analysis of tax issues to be resolved (0.9) |
| 10/29/19 | W. Matthews | 4.60 | Correspondence from J. Jennings regarding possible efforts to locate last four employees that are owed back wages by USDOL (0.2); review files and omnibus objection to locate last known addresses of four employees and correspondence to J. Jennings and T. Brummer regarding same (1.1); analysis of issues raised in J. Jennings correspondence regarding wages paid by USDOL in third quarter of 2014 and possible reasons why IRS has not matched Form 941 filed by USDOL to assessment that needs to be made against the estate for Form 940 taxes (2.2); locate D. Cirino messages with attached 941 information and analysis of issues relating to 2014 third quarter wages (0.3); correspondence to J. Jennings and T. Brummer regarding recommendations (0.4); review correspondence from J. Jennings to D. Cirino regarding request for any information or communications from IRS regarding 3Q 2014 wages paid (0.2); send correspondence to R. Blaylock and K. Bolden at USDOL regarding same (0.2) |
| 10/30/19 | W. Matthews | 1.60 | Correspondence to and from D. Cirino at USDOL regarding any communications from IRS regarding Form 941 filings by USDOL for wages paid during third quarter of 2014 (0.3); continued review of tax issues and analysis of how to handle issues to proceed with closing of case (1.3) |
| 10/31/19 | W. Matthews | 1.10 | Correspondence from D. Cirino regarding Form 941 filed by USDOL for 2014 third quarter (0.2); correspondence to and from J. Jennings regarding next steps (0.3); correspondence to and from J. Jennings regarding new penalty notice received from IRS and next steps (0.6) |

Counsel for Trustee, Neil C. Gordon

Client/Matter #18130-1111

July 17, 2020
Invoice #803834
Neil C. Gordon
Page 18

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 11/01/19 | W. Matthews | 1.90 | Analysis of legal issues and correspondence to and from J. Jennings regarding how to handle remaining tax issues and decision to request master transcript from IRS (1.3); additional correspondence to and from J. Jennings regarding whether to request that USDOL file an amended 941-x return (0.3); memo to A. Ford regarding latest tax notice from IRS and authority to pay (0.3) |
| 11/04/19 | W. Matthews | 0.30 | Review status and correspondence to and from J. Jennings and T. Brummer regarding most recent IRS penalty |
| 11/06/19 | W. Matthews | 1.60 | Review status and correspondence to and from J. Jennings regarding next steps to resolve remaining tax issues (1.2); memo to N. Gordon regarding same (0.4) |
| 11/08/19 | W. Matthews | 0.20 | Correspondence from A. DenBeste regarding remnant sale proposal and motion |
| 11/11/19 | W. Matthews | 0.90 | Review correspondence from J. Jennings regarding IRS penalty (0.1); locate and confirm earlier payment of 2019 second quarter penalty and correspondence to J. Jennings regarding same (0.3); coordinate with N. Overholtzer regarding sending letter to IRS to request Master File Transcript (0.2); correspondence to J. Jennings regarding EPA making direct payment to USDOL rather than paying Alpha in 2014 with result that Alpha employees at EPA later got paid by USDOL (0.3) |
| 11/12/19 | W. Matthews | 1.40 | Correspondence to and from J. Jennings regarding fourth quarter 2014 payment and confirm that check was sent to IRS (0.3); analysis of whether Master Transcript will be sufficient to clarify and resolve remaining tax issues except for employee wages yet to be paid by USDOL (1.1) |
| 11/21/19 | W. Matthews | 0.40 | Review tax issues and correspondence to and from J. Jennings regarding when to expect requested Master File Transcript from IRS |
| 11/22/19 | W. Matthews | 1.10 | Continued review of legal issues regarding estate tax liability for wages paid by Department of Labor in 2014 third quarter |

Counsel for Trustee, Neil C. Gordon

Client/Matter #18130-1111

July 17, 2020
Invoice #803834
Neil C. Gordon
Page 19

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 11/25/19 | W. Matthews | 2.10 | Review correspondence from J. Jennings with attached notice for wage payment made by Department of Labor to NC employee (0.3); review documents to identify employee that would have been paid amount referenced in notice and review documents to determine which employees remain to be located (1.6); correspondence to J. Jennings regarding identification of employee and NC quarterly tax to be paid as a result of wage payment (0.2) |
| 11/28/19 | W. Matthews | 2.60 | Review and analysis of documents relating to wage payments made by Department of Labor during third quarter of 2014 and whether estate can pay employer's share of taxes due based upon information available to us (1.8); multiple correspondence to and from J. Jennings regarding case closing and pending tax issues (0.8) |
| 11/28/19 | A. Ford | 4.20 | Review of file and prepare attorney fee application along with notice of hearing regarding same (3.2); anticipated time to conclude case including service of notice of hearing upon all parties in interest (1.0) |
| 11/29/19 | N. Gordon | 7.30 | Review files (3.9); review, revise, supplement and complete final fee application (3.4) |
| 11/30/19 | N. Gordon | 8.70 | Estimated time to prepare for (2.3) and attend final fee hearing in Columbus (5.4), to prepare order (.4), and conclude case (.6) |
| 11/30/19 | W. Matthews | 7.00 | Estimated time to prepare for (1.6) and attend final fee hearing in Columbus (5.4) |
| 12/09/19 | W. Matthews | 0.70 | Memo to N. Gordon regarding another employee located and paid by U.S. Department of Labor and resulting tax payment owing by the estate to North Carolina (0.4); locate order providing authority for payment and memo to A. Ford regarding same and regarding approval of NC tax return prepared by J. Jennings (0.3) |
| 12/17/19 | W. Matthews | 2.70 | Multiple memos and correspondence with J. Jennings and N. Gordon regarding tax issues, master file transcript requested from IRS, and Trustee's Final Report and review necessary documents regarding analysis of same |

**Counsel for Trustee, Neil C. Gordon**

**Client/Matter #18130-1111**

July 17, 2020
Invoice #803834
Neil C. Gordon
Page 20

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 12/18/19 | W. Matthews | 1.10 | Review draft notice of abandonment and review correspondence from G. Hays regarding abandonment of employee records (0.3); review correspondence from J. Jennings regarding check to NC for third quarter of 2019 tax period (0.2); memo to and from A. Ford regarding same (0.2); memo to N. Gordon regarding execution of forms for Tax Advocate request and for Power of Attorney (0.2); correspondence to J. Jennings regarding same (0.2) |
| 12/19/19 | W. Matthews | 2.90 | Continued analysis of tax issues and any procedures to expedite requests with IRS |
| 01/13/20 | W. Matthews | 0.40 | Review tax status (0.2); correspondence to and from J. Jennings regarding request for assistance of IRS tax advocate (0.2) |
| 01/15/20 | W. Matthews | 1.80 | Review IRS letter regarding transfer of issues to Philadelphia office (0.2); detailed memo to N. Gordon regarding status and remaining issue of taxes relating to 2012 wages paid (0.4); review earlier correspondence and efforts to get information from IRS and from USDOL regarding estate's tax liability resulting from USDOL payment of wages in 2012 quarter (1.2) |
| 01/17/20 | W. Matthews | 0.60 | Review correspondence from J. Jennings regarding latest tax issues and review returns to be filed |
| 01/21/20 | W. Matthews | 1.10 | Review correspondence from J. Jennings with attached notice from IRS and review earlier correspondence to confirm that issue is separate from returns to be filed (0.7); correspondence to and from J. Jennings regarding same and regarding transfer of Alpha matter from Ogden to Philadelphia IRS office (0.4) |
| 01/22/20 | W. Matthews | 0.40 | Correspondence from J. Jennings regarding tax advocate (0.2); memo to N. Gordon regarding same (0.2) |
| 01/23/20 | W. Matthews | 1.10 | Review drafts of prompt determination letters received from J. Jennings (0.3); locate earlier correspondence regarding reasons that additional prompt determination letters need to be send to tax authorities for recent tax years (0.8) |

**Counsel for Trustee, Neil C. Gordon**

**Client/Matter #18130-1111**

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>DESCRIPTION</u> |
|---|---|---|---|
| 02/05/20 | W. Matthews | 2.30 | Review claims analysis cocerning correspondence regarding issues and cocerning outstanding employee wage payments and make notes for case closing issues |
| 02/10/20 | W. Matthews | 0.30 | Memo and correspondence from J. Jennings regarding remaining issues |
| 02/11/20 | W. Matthews | 3.30 | Memo to and from A. Ford regarding updating Interim Report information through end of 2019 for use by J. Jennings for tax returns (0.2); collated and locate all information needed for final legal issues and for case closing and distribution and prepare detailed memo to N. Gordon and J. Jennings regarding tax issues and case closing (3.1) |
| 02/12/20 | N. Gordon | 1.90 | Review and consider W.Matthews analysis of remaining legal issues to resolve with IRS and for other tax authorities (.8); review existing settlements and orders (.5); draft lengthy responses point by point (.6) |
| 02/12/20 | W. Matthews | 1.60 | Review N. Gordon memo regarding tax and legal issues and case closing (0.6); correspondence to J. Jennings regarding Master File Transcript request sent to IRS and possible adversary proceeding if necessary (0.3); correspondence from G. Hays will possible addresses for missing employees (0.2); locate USDOL contact information and send correspondence to R. Blaylock regarding addresses for unpaid employees (0.2); review correspondence from J. Jennings regarding next steps (0.3) |
| 02/13/20 | W. Matthews | 0.30 | Review ECF pleadings filed by F. Whiteside to abandon claims |
| 02/19/20 | W. Matthews | 1.50 | Review voice mail message from J. Jennings regarding tax advocate status (0.1); review earlier correspondence to determine how long ago tax advocate assistance was requested and conduct online research to determine if IRS has deadline or policy to comply with requests (1.4) |
| 02/20/20 | W. Matthews | 1.30 | Research attendant to request for IRS to provide tax advocate to resolve delay in getting Master Transcript |

**Counsel for Trustee, Neil C. Gordon**

**Client/Matter #18130-1111**

July 17, 2020
Invoice #803834
Neil C. Gordon
Page 22

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>DESCRIPTION</u> |
|---|---|---|---|
| 02/24/20 | W. Matthews | 3.60 | Analysis of issues raised by N. Gordon and whether tax claims were satisfied via settlement with Department of Labor or via settlement of IRS proof of claim |
| 03/03/20 | W. Matthews | 0.60 | Correspondence to and from J. Jennings regarding status of efforts with IRS tax advocate (.2); correspondence from J. Jennings regarding notice received from Social Security Administration regarding mismatched information on W-2 forms and taxes withheld and paid (.4) |
| 03/04/20 | W. Matthews | 6.50 | Locate, review and analyze documents and correspondence with U.S. Department of Labor to determine wages paid by bankruptcy estate and by USDOL and compare to amounts listed in notice received from Social Security Administration (5.9); detailed analysis to J. Jennings and multiple correspondence to J. Jennings to send documents (0.6) |
| 03/05/20 | W. Matthews | 0.70 | Review J. Jennings draft letter to Social Security Administration (0.4); correspondence to and from J. Jennings regarding revisions (0.2); review exchange of correspondence between J. Jennings and T. Brummer regarding draft letter (0.1) |
| 03/10/20 | W. Matthews | 1.20 | Review notice from California Franchise Tax Board (0.2); locate earlier correspondence, proof of claim, objection to claim and amended claim (0.6); analysis and memo to N. Gordon and correspondence to J. Jennings regarding no need to pay amounts listed in notice that are duplicative of CA Tax Board proof of claim (0.4) |
| 06/03/20 | W. Matthews | 0.70 | Review earlier correspondence and memos for status of tax issues |
| 06/05/20 | W. Matthews | 0.30 | Review correspondence from J. Jennings and review tax issues |
| 06/09/20 | W. Matthews | 0.90 | Review tax status and review correspondence from J. Jennings regarding tax issue and lack of receipt of tax transcript (0.7); correspondence to and from G. Hays and J. Jennings regarding same (0.2) |

Counsel for Trustee, Neil C. Gordon

Client/Matter #18130-1111

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 06/16/20 | W. Matthews | 3.20 | Review tax issues and compose detailed correspondence to G. Hays and J. Jennings regarding recommendations if master tax transcript is not received from IRS tax advocate |
| 06/17/20 | W. Matthews | 0.60 | Review corporate tax returns prepared by J. Jennings and coordinate process to get returns executed by trustee and sent back to J. Jennings |
| 06/18/20 | W. Matthews | 1.10 | Additional memos to N. Overholzer and A. Ford regarding corporate tax returns and what pages needed to be executed by trustee (0.2); review tax issues and earlier correspondence and compose correspondence to J. Jennings regarding master tax transcript needed from IRS (0.9). |
| 06/24/20 | W. Matthews | 0.30 | Review correspondence from J. Jennings regarding IRS contact and review status of request for tax transcript |
| 06/25/20 | A. Ford | 4.10 | Continued preparation of attorney fee application along with notice of hearing on professional fee applications and trustee's final report |
| 06/30/20 | N. Gordon | 1.80 | Work to finalize final fee applications, hearing notice, etc. |

|  |  |
|--|--|
| **Total Hours** | **254.50** |
| **Total For Services** | **$111,155.50** |

## EXPENSES

| | |
|--|--|
| PAYEE: SunTrust Bankcard, N.A.; REQUEST#: 223653; DATE: 3/29/2019. Georgia SOS Annual Registration on 3/27/19. | 50.00 |
| VENDOR: Federal Express - FedEx INVOICE#: 638779931 DATE: 12/4/2018<br>Tracking #773805150451<br>From: 171 17th Street NE, ATLANTA, GA 30363<br> To: Fife M. Whiteside, Fife M. Whiteside, PC, Box 5383, COLUMBUS, GA 31906 | 11.71 |

**Counsel for Trustee, Neil C. Gordon**

**Client/Matter #18130-1111**

| | |
|---|---:|
| VENDOR: Federal Express - FedEx INVOICE#: 643030212 DATE: 1/15/2019<br>Tracking #774145001782<br>From: 171 17th Street NW, ATLANTA, GA 30363<br>  To: Jim Jennings, Hays Financial Consulting, 2964 Peachtree Road, NW, ATLANTA, GA 30305 | 57.12 |
| VENDOR: MLQ Attorney Services INVOICE#: 635458 DATE: 8/3/2018<br>Service of process | 85.00 |
| Westlaw | 27.74 |
| Postage | 53.96 |
| Duplicating Expenses | 110.00 |
| **Total Expenses** | **$395.53** |

| | Fees | Disbursements | Total |
|---|---:|---:|---:|
| CURRENT CHARGES: | 111,155.50 | 395.53 | 111,551.03 |
| Total Balance Due: | 111,155.50 | 395.53 | 111,551.03 |
| **Total This Statement** | | | **$111,551.03** |

### Attorney and Paralegal Summary

| Name | Year | Rate | Hours | Total Amount |
|---|---|---|---|---|
| Bargar, Michael J. | 2018 | 375.00 | 0.40 | 150.00 |
| Ford, Angela G. | 2018 | 195.00 | 0.60 | 117.00 |
| Ford, Angela G. | 2019 | 205.00 | 4.20 | 861.00 |
| Ford, Angela G. | 2020 | 210.00 | 4.10 | 861.00 |
| Gordon, Neil C. | 2018 | 570.00 | 5.10 | 2,907.00 |

**Counsel for Trustee, Neil C. Gordon**

**Client/Matter #18130-1111**

**July 17, 2020**
**Invoice #803834**
**Neil C. Gordon**
**Page 25**

| | | | | |
|---|---|---|---|---|
| Gordon, Neil C. | 2019 | 570.00 | 18.20 | 10,374.00 |
| Gordon, Neil C. | 2020 | 575.00 | 3.70 | 2,127.50 |
| Matthews, William D. | 2018 | 395.00 | 44.80 | 17,696.00 |
| Matthews, William D. | 2019 | 450.00 | 128.20 | 57,690.00 |
| Matthews, William D. | 2020 | 450.00 | 5.40 | 2,430.00 |
| Matthews, William D. | 2020 | 465.00 | 30.30 | 14,089.50 |
| Overholtzer, Nancy J. | 2018 | 195.00 | 9.50 | 1,852.50 |
| | | **Total** | **254.50** | **$111,155.50** |



**Arnall Golden Gregory** LLP

Counsel for Trustee, Neil C. Gordon
171 17th Street
Suite 2100
Atlanta, GA 30363-1031

August 7, 2020
Invoice #805166
Neil C. Gordon

---

**For Legal Services Rendered In Connection With:**

**Client/Matter #18130-1111**
**Alpha Protective Services, Inc. (Case No. 12-70482-JTL)**

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 07/27/20 | W. Matthews | 0.80 | Memos from and to A. Ford regarding IRS claim, consent order regarding claim and amount remaining as allowed (0.4); locate earlier detailed memo regarding issues for distribution and wording of consent order with IRS and matters remaining to close case and send memo to A. Ford regarding same (0.4) |
| 07/30/20 | W. Matthews | 2.30 | Retrieve and review and gather past correspondence and memos with IRS to prepare to call tax advocate at IRS and make notes for call |

|  |  |  |
|--|--|--|
| **Total Hours** | | **3.10** |
| **Total For Services** | | **$1,441.50** |

|  | Fees | Disbursements | Total |
|--|------|---------------|-------|
| Prior Balance: | 111,155.50 | 395.53 | 111,551.03 |
| CURRENT CHARGES: | 1,441.50 | 0.00 | 1,441.50 |
| Total Balance Due: | 112,597.00 | 395.53 | 112,992.53 |

| | | |
|--|--|--|
| **Total This Statement** | | **$112,992.53** |

---

A LATE CHARGE OF 1-1/2% PER MONTH WILL BE APPLIED TO BALANCES OUTSTANDING OVER 60 DAYS

FEI# 58-0543673

Atlanta, GA | Washington, DC

ALL BILLING RELATED QUERIES: Phone: 404.873.8500 | Fax: 404.873.8501



EXHIBIT

"A2"

Counsel for Trustee, Neil C. Gordon

Client/Matter #18130-1111

August 7, 2020
Invoice #805166
Neil C. Gordon
Page 2

### Attorney and Paralegal Summary

| Name | Year | Rate | Hours | Total Amount |
|------|------|------|-------|--------------|
| Matthews, William D. | 2020 | 465.00 | 3.10 | 1,441.50 |
| | | Total | 3.10 | $1,441.50 |



**Arnall Golden Gregory** LLP

Counsel for Trustee, Neil C. Gordon
171 17th Street
Suite 2100
Atlanta, GA 30363-1031

September 8, 2020
Invoice #807404
Neil C. Gordon

---

**For Legal Services Rendered In Connection With:**

Client/Matter #18130-1111
Alpha Protective Services, Inc. (Case No. 12-70482-JTL)

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 08/07/20 | W. Matthews | 1.90 | Correspondence to and from J. Jennings regarding contact with IRS Tax Advocate and whether Power of Attorney will be needed (0.3); review documents to prepare and make notes of dates and ID numbers that will be needed for call and then make call to Tax Advocate regarding need for Master Transcript (1.6) |
| 08/17/20 | W. Matthews | 0.30 | Correspondence to and from J. Jennings regarding any need to continue corporate registration and provide update to N. Overholtzer regarding same |
| 08/19/20 | W. Matthews | 1.40 | Correspondence to and from J. Jennings regarding communications with IRS tax advocate and any receipt of master tax transcript (0.3); review notes and documents needed to review prior to calling IRS and send additional correspondence to J. Jennings to ask for confirmation of accuracy of my notes and to discuss possible request from IRS for me to execute Power of Attorney documents (1.1) |

|  |  |
|--|--|
| **Total Hours** | **3.60** |
| **Total For Services** | **$1,674.00** |

|  | **Fees** | **Disbursements** | **Total** |
|--|----------|-------------------|-----------|
| Prior Balance: | 112,597.00 | 395.53 | 112,992.53 |
| CURRENT CHARGES: | 1,674.00 | 0.00 | 1,674.00 |
| Total Balance Due: | 114,271.00 | 395.53 | 114,666.53 |

---



EXHIBIT
"A3"

**Counsel for Trustee, Neil C. Gordon**

**Client/Matter #18130-1111**

September 8, 2020
Invoice #807404
Neil C. Gordon
Page 2

Total This Statement                    $114,666.53

### Attorney and Paralegal Summary

| Name | Year | Rate | Hours | Total Amount |
|------|------|------|-------|--------------|
| Matthews, William D. | 2020 | 465.00 | 3.60 | 1,674.00 |
| | | Total | 3.60 | $1,674.00 |

## ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W., Suite 2100
Atlanta, Georgia  30363-1031
(404) 873-8500

### PARTNERS

**NEIL C. GORDON** — Admitted to Georgia Bar in 1979.  Education: University of Florida
(B.S.B.A. cum laude, 1976); University of Georgia (J.D. 1979).  Law Clerk to Hon.
Robert L. Vining, Jr., Judge, U.S. District Court, Northern District of Georgia, 1979-81;
Publications: Co-Author, "*Law v. Siegel* Dicta Leads Lower Courts Astray," American
Bankruptcy Institute Journal, Vol. XXXIV, No. 2 (February 2015); Co-Author, "When Can
the Statute of Limitations for Avoidance Actions Be Extended?" American Bankruptcy
Institute Journal, Vol. XXXII, No. 5 (June 2013); Co-Author, "*Schwab v. Reilly* Two
Years Later: Appellate Opinions on Appreciation and 100 Percent of FMV," American
Bankruptcy Institute Journal, Vol. XXXI, No. 9 (October 2012); Author, "Section 362(h)
Does Not Deprive a Trustee of Standing to Void a Lien," American Bankruptcy Institute
Journal, Vol. XXIX, No. 10 (December 2010/January 2011); Author, "An Overview of
Mortgage and Finance Fraud for Trustees," in *Mortgage and Finance Fraud Litigation
Strategies* (Thomson Reuters/Aspatore Books 2010); Author, "The Art of the Carve-
Out," NABTalk, Vol. 25, No. 1 (Spring 2009); Co-Author, "New Tax Laws Affecting
Home Sales Give Chapter 7 Trustees Long Overdue Relief" , Bankruptcy Court
Decisions, Vol. 32, No. 20 (July 28, 1998); Co-Author, "Maximizing Returns for Estate
Creditors by Minimizing Taxes: Exclusion of Gain from the Sale of the Debtor's Principal
Residence", NABTalk, Vol. 16, No. 3 (Fall, 2000); Co-Author, "Recent Cases," Journal
of the American Bankruptcy Trustee, Quarterly Publication of National Association of
Bankruptcy Trustees (NABT 2003-present). Member: Atlanta Bar Association,
Bankruptcy Law Section (Chair 1992-1993, Board Member 1988-1994); State Bar of
Georgia; American Bankruptcy Institute (Legislation Committee Co-Chair 2013-2015);
National Association of Bankruptcy Trustees (Board Director 2000-2014; Executive
Committee 2006-2014; Secretary 2006-2007; Treasurer 2007-2008; Vice-President

### EXHIBIT "B"

2008-2011; President 2011-2012; Immediate Past President 2012-2013; Past President Director 2013-2014); Panel, United States Trustees; Fellow, American College of Bankruptcy; Master of the Bench, W. Homer Drake Georgia Bankruptcy American Inn of Court; Full Member, National Association of Federal Equity Receivers.

Seminar Presentations: "Case Law Update," NABT Virtual Annual Conference (August 27, 2020); "Hot Trustee Topics in Consumer Cases," NCBJ Annual Conference, Washington, D.C. (November 1, 2019); "Suing Universities to Recover Tuition Paid for Adult Children," 22nd Annual Bankruptcy Seminar, Macon, Georgia (September 20, 2019); "Unscheduled Product Liability (and Other) Claims in Reopened Cases," 22nd Annual Bankruptcy Seminar, Macon, Georgia (September 20, 2019); "Case Law Update," NABT Annual Conference, Denver, Colorado (August 23, 2019); "Annual Panel Trustee Seminar: A Training Day in LA," Region 16 Chapter 7 Panel Trustee Training, Los Angeles, California (June 27, 2019); "Current Development/Recent Case Law Panel," Region 21 Chapter 7 Panel Trustee Training, Orlando, Florida (June 6-7, 2019); "Key Takeaways from the American Bankruptcy Institute's Commission on Consumer Bankruptcy Report," The Bench and Bar Committee, Atlanta, Georgia (May 6, 2019); "Tuition Clawback by Bankruptcy Trustees: The Focus Points for this Growing Litigation," Emory Bankruptcy Developments Journal Symposium, Atlanta, Georgia (February 21, 2019); "Case Law Update," Law Education Institute, Snowmass, Colorado (January 2-6, 2019); "Oh, Let Me Count the Days: Calculating Deadlines and Reach-back Periods in Avoidance and Other Actions," Cobb County Bar Association, Marietta, Georgia (November 30, 2018); "Avoiding and Recovery Payments Made for Adult Children," Cobb County Bar Association, Marietta, Georgia (November 30, 2018); "Suing Universities (and Others) to Recover the Tuition Payments Made for Adult Children," The W. Homer Drake, Jr. Georgia Bankruptcy Inn of Court, Atlanta, Georgia (October 25, 2018); "Treatment of Product Liability and Similar Claims in Bankruptcy in a Reopened Case: (a) Are the Claims Property of the Estate, (b) If So, What Exemption Can Be Claimed, and (c) the Role of Judicial Estoppel," The W. Homer Drake, Jr. Georgia Bankruptcy Inn of Court, Atlanta, Georgia (October 25, 2018); "Recent Developments/Case Law Updates," Chapter 7 Panel Trustee Training – Northern

District of Georgia, Atlanta, Georgia (September 14, 2018); "Case Law Update," NABT Convention, Amelia Island, Florida (August 16, 2018); "Trustee Litigation – A Powerful Tool," Region 21 Trustee Training Webinar (March 28, 2018); "The Powerball Jackpot (Case Law Update)," NABT Spring Seminar, Las Vegas, Nevada (February 23, 2018); "Exemptions," "Consumer Case Law Update," and "Business Case Law Update," National CLE Conference in conjunction with the Colorado Bar Association and the Law Education Institute, Vail, Colorado (January 3-7, 2018); "Oh, Let Me Count the Days: Calculating Deadlines and Reachback Periods in Avoidance and Other Actions, Consumer and Business Bankruptcy Institute, Reynolds Plantation, Georgia (December 14, 2017);"Bankruptcy Avoidance Actions," National Association of Attorney Generals, Savannah, Georgia (November 15, 2017); "Case Law Update," NABT Convention, New Orleans, Louisiana (September 15. 2017); "Shark Tank: The Case for Increasing Chapter 7 Trustee Compensation," American Bankruptcy Institute 22nd Annual Southeast Bankruptcy Workshop, Hilton Head Island, South Carolina (July 30, 2017); "Case Law Update," NABT Spring Seminar, Rio Grande, Puerto Rico (March 3, 2017); "Case Law Update," Law Education Institute (LEI) Conference, Snowmass, Colorado (January 4-8, 2017); "Exemptions," American Bankruptcy Institute Winter Leadership Conference, Rancho Palos Verdes, California (December 1-3, 2016); "Obligations of Trustees in Fulfilling Their Fiduciary Duties," American Inns of Court (November 17, 2016); "Simply the Best: Case Law Update," NABT Annual Convention, San Diego, California (September 9, 2016); "Exemption Issues in Chapter 13," NACTT 51st Annual Conference, Philadelphia, Pennsylvania (July 23, 2016); "Dismissal and Conversion Issues," NACTT 51st Annual Conference, Philadelphia, Pennsylvania (July 22, 2016); "Recent Cases: Case Law Update," NABT Spring Seminar, Atlanta, Georgia (April 8, 2016); "Avoidance and Recovery Actions Across the Chapters: Roles & Perspectives of Trustees," American Inns of Court Winter Program, Atlanta, Georgia (January 26, 2016); "Exemption Law – Immunity to Treat Creditors with Impunity or the Privilege of Fresh Start" and "Case Law Update: Commercial/Business," Law Education Institute (LEI) Conference, Vail, Colorado (January 6-10, 2016); "So You Thought You Understood Exemptions!" Cobb County Bar Association, Marietta, Georgia (October 10, 2015); "Does Law v. Siegal Really Stand for That?," National Conference of Bankruptcy

Judges 89th Annual Meeting, Miami, Florida (September 27-30, 2015); "Exemptions" and "Case Law Update," NABT Annual Convention, Chicago, Illinois (August 27-29, 2015); "Case Law Update," United States Trustee Region 21-Northern District of Georgia Trustee Training (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (August 21, 2015); "Case Law Update," NABT Spring Seminar, Charleston, South Carolina (February 27, 2015); "How to Approach Banks about Short Sales and Carve-Outs," American Bankruptcy Institute Conference, Tulane University, New Orleans, Louisiana (January 19, 2015); "Case Law Update," Law Education Institute (LEI) Conference, Vail, Colorado (January 7-11, 2015); "Zip Lining through the Tough issues in Avoiding a Preference or Set-Off," Institute of Continuing Legal Education in Georgia, Greensboro, Georgia (October 23, 2014); "Current Consumer Trends & Practices," American College of Bankruptcy, National Conference of Bankruptcy Judges 88th Annual Meeting, Chicago, Illinois (October 8, 2014); "The Nuts & Bolts of Chapter 11," American Bankruptcy Institute Workshop, Salt Lake City, Utah (September 12, 2014);  "Case Law Update," NABT Annual Convention, Salt Lake City, Utah (September 12, 2014); "Case Law Update," United States Trustee Region 3 Trustee Training (includes Delaware, New Jersey, and Pennsylvania Trustees), Harrisburg, Pennsylvania (June 6, 2014);  "Case Law Update," United States Trustee Region 21-Northern District of Georgia Trustee Training (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (May 9, 2014); "The Nuts & Bolts of Chapter 11," American Bankruptcy Institute Southeast Seminar, Coral Gables, Florida (April 5, 2014); "Case Law Update," NABT Spring Seminar, Coral Gables, Florida (April 5, 2014); "Chapter 7 and 11 Case Law Update," Law Education Institute (LEI) Conference, Vail, Colorado (January 5-9, 2014); "Real Estate Short Sales and Carve-Outs," American Bankruptcy Institute 25th Annual Winter Leadership Conference,  Rancho Palos Verdes, California (December 6, 2013); "Chapter 7 & Hot Topics," National Conference of Bankruptcy Judges  2013 Annual Conference, Atlanta, Georgia (November 1, 2013);  "Case Law Update" NABT 2013 Annual Meeting, White Sulphur Springs, West Virginia (August 8, 2013); "Plenary Session: Consumer Update 2013," American Bankruptcy Institute Southeast Seminar, Amelia Island, Florida (July 18-21, 2013); "Mortgage Avoidance Issues in Bankruptcy (A

Trustee's Perspective)," 35th Annual Real Property law Institute, Amelia Island, Florida (May 9, 2013); "The Good, the Bad, and the Ugly – Case Law Update," NABT 2013 Spring Seminar, Scottsdale, Arizona (February 22-23, 2013); "Case Law Developments," "What Is the Trustee Up to Now?" "Mortgage Issues: Pervasive Issues and Abuses," and Fraudulent Conveyances," Law Education Institute (LEI) Conference, Snowmass, Colorado (January 2-5, 2013); "Case Law Update I," NABT 2012 Annual Meeting, Colorado Springs, Colorado (September 8, 2012); Case Law Update II," NABT 2012 Annual Meeting, Colorado Springs, Colorado (September 6, 2012) "Bankruptcy Issues for Auctioneers," National Auctioneers Association's 63rd International Auctioneers Conference, Spokane, Washington (July 18, 2012); "The Presidents' Panel: Current Issues in Consumer Bankruptcy," NACTT 47th Annual Seminar, New Orleans, Louisiana (July 13, 2012); "Waiter! Check Please! Paying the Tab in Consumer Bankruptcy: The Real Costs of Accessing the System," NACTT 47th Annual Seminar, New Orleans, Louisiana (July 12, 2012); "An Empirical Study of the Costs of BAPCPA," NABT 2012 Spring Seminar, Las Vegas, Nevada (March 31, 2012); "Sold! Short Sales/724(b) Sales: The New Normal," NABT 2012 Spring Seminar, Las Vegas, Nevada (March 30, 2012);  "Ethics and Professionalism Potpourri," 36th Annual Judge Alexander L. Paskay Seminar on Bankruptcy Law and Practice, Tampa, Florida (March 17, 2012); "Latest Developments – Case Law Update," "Ethic Standards Re-Examined," and "Who Gets the Money? Claims Objections Issues," Law Education Institute's 29th Annual national CLE Conference, Snowmass, Colorado (January 4 – 8, 2012); "Hot Topics in Chapter 7," ABI/NCBJ Roundtable, National Conference of Bankruptcy Judges, Tampa, Florida (October 12-15, 2011); "Case Conversion Issues," NABT 2011 Annual Meeting, Amelia Island, Florida (September 21-24, 2011); "Today's Chapter 7," Panel, Annual Southeast Bankruptcy Workshop, Kiawah Island, South Carolina (July 27-30, 2011); "Select Claim Objection Issues," NABT Spring Seminar, Santa Monica, California (March 26, 2011); "Looking Ahead: What's in Store for Consumer Practitioners in 2011," 35th Annual Judge Alexander L. Paskay Seminar on Bankruptcy Law and Practice, Tampa, Florida (March 10-12, 2011); "Chapters 7 and 11 Case Law Update," State Bar of Georgia Bankruptcy Law Section, Greensboro, Georgia (October 28, 2010); "Recovering Unauthorized Post-Petition Transfers," NABT Convention, San

Francisco, California (October 1, 2010);  "Chapter 7 Law Update," Middle District of Georgia Bankruptcy Institute, Macon, Georgia (September 17, 2010); " Individual Business Bankruptcy Cases," Metro Atlanta Consumer Bankruptcy Attorneys  Group, Atlanta, Georgia (May 21, 2010), "Professionalism Issues," Atlanta Bar Association, Bankruptcy Law Section Seminar, Atlanta, Georgia (May 6, 2010); "Recurring Issues among Consumer Lawyers and Trustees and How to Avoid Them," American Bankruptcy Institute, Washington, D.C. (May 1, 2010); "The  Nouveau Pauvre, or Who Used to Be a Millionaire (Finding Assets in Those Mid and Large Size Cases in Which the Debtors Used to Be "High-End" Debtors)," NABT Spring Seminar, Savannah, Georgia (April 9, 2010); "Trends and Threads in Business Cases: Case Law Update from the Front," National CLE Conference, Vail, Colorado (January 6, 2010); "Prebankruptcy Asset Protection and Planning: How Far Can the Line Be Pushed before the Trustee Reacts," National CLE Conference, Vail, Colorado (January 7, 2010), and "Making Sense of the Tide in Consumer Case/Issue Development: Caselaw Review of Recent Consumer Bankruptcy Decisions," National CLE Conference, Vail, Colorado (January 8, 2010); "Hot Topics in Chapter 7," ICLE Bankruptcy Seminar, Braselton, Georgia (November 12, 2009); "The Art of the Carve-Out," NABT Annual Convention, Boston, Massachusetts (August 29, 2009); "Hot Consumer Topics in Chapter 7," American Bankruptcy Institute 14th Annual Southeast Bankruptcy Workshop, Hilton Head, South Carolina (July 30, 2009 – August 1, 2009); "Negotiation/Out-of-Courtroom Skills and Techniques," American Bankruptcy Institute's Skills Training Program, Atlanta, Georgia (June 4, 2009); "Select Trustee Issues," 11th Circuit Fellows Luncheon, American College of Bankruptcy, Washington, D.C. (March 27, 2009); "Case Law Update: The Good, The Bad, and The Ugly," National CLE Conference (LEI), Vail, Colorado, January 4-5, 2009; "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (October 21, 2008); "The Art of the Carve-Out," NABT Spring Seminar, Santa Fe, New Mexico (April 26, 2008);  "Bankruptcy Claim Quandaries, Administrative Claims, Claims Evidentiary Issues, Superpriority Claims Upon Conversion to Chapter 7, Rejection Claims, and Estimation Claims," National CLE Conference (LEI), Vail, Colorado, January 4-6, 2008; "Select Exemption Issues,"

National Conference Bankruptcy Judges, Orlando, Florida (October 10, 2007); "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees) Atlanta, Georgia (September 27, 2007), "Administering Exempted Assets," NABT Spring Seminar, Atlanta, Georgia (March 16, 2007); "Pro Se Debtor Cases and Issues," American Bankruptcy Institute's 11th Annual Southeast Bankruptcy Workshop (July 26-29, 2006); "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Miami, Florida, Georgia (June 22-23, 2006); "Bankruptcy Reform Act - Hot Issues," NABT Spring Seminar, Phoenix, Arizona (March 4, 2006); "Tax Issues in the Era of the New Bankruptcy Reform Act," Georgia Society of CPAs, Atlanta, Georgia (June 21, 2005); "The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005: How will it affect your business?" AGG Seminar, Atlanta, Georgia (June 3, 2005); "Bankruptcy Issues for the Commercial Realtor," Atlanta Board of Realtors, Atlanta, Georgia (June 2, 2005); "Proving Deepening Insolvency," Emory Bankruptcy Developments Journal Symposium, Atlanta, Georgia (March 24, 2005); "Case Conversion Issues," United States Trustee Region 21 Seminar (includes Florida and Georgia Trustees), Savannah, Georgia (January 20-21, 2005); "New Developments: A Trustee's Perspective," NABT Convention, San Diego, California (September 11, 2004); "Holding onto Assets," NABT Spring Seminar, Las Vegas, Nevada (March 12-13, 2004); "Case Law Update," United States Trustee Region 21 Seminar, Atlanta, Georgia (January 8, 2004); "Recovering Assets through Litigation in Bankruptcy," National Bankruptcy Training Institute, Columbia, South Carolina (November 18, 2003); Faculty Member, National Bankruptcy Training Institute, Columbia, South Carolina (2003); "Claims Review, Objections, and Resolutions," NABT Annual Convention, Washington, D.C. (September 9, 2003); "Perfection of Collateral" and "Guaranty Agreements," SouthTrust Bank Live Video Broadcast Seminar, Atlanta, Georgia (August 22, 2003); "Establishing Corporate Insider Liability: From Deepening Insolvency to Avoidance Issues," NABT Spring Seminar, Coral Gables, Florida (March 29, 2003); Training Seminar for New Trustees, Office of the United States Trustee (September 12, 2002); "Case Law Update," United States Trustee Region 21 Seminar (Florida and Georgia Trustees) (May 3, 2002); "Bankruptcy and Foreclosures," Georgia ICLE (April 17, 2002);

"Loan Documentation Issues," (August 22, 2003); "How to Protect the Interest of Secured Creditors in Georgia," National Business Institute (NBI); "How New Bankruptcy Legislation Will Impact Your Practice," Consumer Bankruptcy Attorneys Association; "Advanced Real Estate Seminar: Bankruptcy Issues," NBI; "Ethics in Bankruptcy," State Bar of Georgia, Bankruptcy Law Section; "Chapter 11 Single Asset Real Estate Cases," Atlanta Bar Association, Bankruptcy Law Section; "Bankruptcy: An Overview," Georgia Department of Banking and Finance; "Bankruptcy: An Overview," Mortgage Bankers Association of Georgia; "Liens and Credit Issues in Bankruptcy," NBI.

**SEAN C. KULKA** - Admitted to Georgia Bar in 1998. Education: Michigan State University (B.A., cum laude, 1994); University of Mississippi (J.D., cum laude, 1998). Publications: Co-Author, "Rulings Shift Leverage Away from Secured Creditors," National Law Journal (February 15, 2010). Member: Atlanta Bar Association, Bankruptcy Law Section; State Bar of Georgia; American Bankruptcy Institute; Turnaround Management Association. Seminar Presentations: "Bankruptcy – An Overview of the Challenges and Opportunities," Atlanta Chapter of Georgia Society of Certified Public Accountants, Atlanta, Georgia (Spring 2010); "Planning and Managing a Chapter 11 Reorganization from Start to Finish in Georgia," National Business Institute (Fall 2005); "Basic Bankruptcy Litigation in Georgia," National Business Institute (Fall 2004); "Bankruptcy: a Creditor's Perspective," Lorman Education Services (Winter 2004); "Creditors' Rights and Protection of Security Interests in Bankruptcy in Georgia," Sterling Education Services (Fall 2003). Practice Areas: Bankruptcy, Creditors' Rights and Workout, Litigation, Real Estate, and Telecommunications.

**MICHAEL F. HOLBEIN** – Admitted to Georgia Bar in 1999. Education: Stetson University (B.A., cum laude, 1995); University of Florida (J.D., with honors, 1999). Member: Atlanta Bar Association; State Bar of Georgia, Bankruptcy and Creditors' Rights Sections; National Association of Bankruptcy Trustees. Seminar Presentations: "Mortgage Avoidance Issues in Bankruptcy (A Trustee's Perspective)," 35th Annual Real Property law Institute, Amelia Island, Florida (May 9, 2013); "Preference & Fraudulent Transfer Workshop," NABT 2012 Annual Meeting, Colorado Springs, Colorado

21

(September 8, 2012); "Document Authentication," NABT 2012 Annual Meeting, Colorado Springs, Colorado (September 6, 2012); "Discovery Tools and Practices in Consumer Bankruptcy Cases," Atlanta Consumer Bankruptcy Skills Training Seminar, Atlanta, Georgia (January 28, 2009). Practice Areas: Bankruptcy, Creditors' Rights and Workout, and Business Litigation.

**SHERMAN A. COHEN** — Admitted to Georgia Bar in 1984. Education: Wharton School of the University of Pennsylvania (B.S., cum laude 1981); Columbia University School of Law (J.D., 1984). Mr. Cohen is Chair of the firm's Corporate Practice Group. He concentrates on transactional matters including public and private company mergers and acquisitions, going private transactions, and equity and debt financings. Mr. Cohen has lectured on venture capital financing and employment and trade secret issues. In 2004, 2005 and 2006 he was named a "Georgia Super Lawyer" by *Atlanta* Magazine and in 2003, 2007and 2008 he was named one of Georgia's "Legal Elite" by *Georgia Trend* Magazine. Clients of Mr. Cohen include publicly held and private companies in the technology, healthcare, distribution and retail industries. Mr. Cohen also represents groups of early-stage "angel" investors in their fundraising activities, venture capital funds and companies seeking venture capital funding. Member: State Bar of Georgia, Uniform Commercial Code Committee; Atlanta Legal Aid Society, Board of Advisors.

**JACK K. HOLLAND** — Admitted to Georgia Bar in 1970. Education: University of Georgia (B.B.A., 1967); Emory University (J.D., Phi Delta Phi, 1970). Mr. Holland is a partner of the firm in the Corporate Practice Group. He served as a Tax Law Specialist in the National Office of the Internal Revenue Service in Washington, D.C. from 1970-1973. For over 42 years, Mr. Holland has worked with the owners of family and closely held businesses, and focused primarily in the areas of mergers and acquisitions, corporate workouts and restructuring. He has extensive experience in negotiating the sale and restructuring of businesses. Mr. Holland has been a guest lecturer at the Emory Graduate Business School and has served on panels for various business and law programs. In 2015, he was again named a "Georgia Super Lawyer" by *Atlanta* Magazine for his work in Mergers and Acquisitions. Member: American Bar

Association; State Bar of Georgia. Practice Areas: Bankruptcy; Creditors' Rights and Financial Restructuring; Corporate and Securities; Private Wealth; Corporate Tax.

**MICHAEL J. BARGAR** – Admitted to Georgia Bar in 2010. Education: Ashland University (B.A., 2001); Case Western Reserve University, (MBA, 2007); Emory University (J.D., 2010). Member: State Bar of Georgia. Executive Notes and Comments Editor, *Emory Bankruptcy Developments Journal*. Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring. Barrister, W. Homer Drake, Jr. Georgia Bankruptcy American Inn of Court. Panel Member, Chapter 7 Panel of Trustee for the Northern District of Georgia. Fellow, American Bar Foundation.

## OF COUNSEL

**WILLIAM D. MATTHEWS** – Admitted to Georgia Bar in 1986. Education: University of South Carolina (B.S., Mathematics, magna cum laude, 1983); Duke University School of Law (J.D., with honors, 1986). Member: State Bar of Georgia. Law Clerk for the Honorable W. H. Drake, Jr. (1986-1989). Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring.

## ASSOCIATES

**REBECCA L. KOLB** – Admitted to Georgia Bar in 2012. Education: University of Georgia (B.A., magna cum laude, 2008); Georgia State University (J.D., magna cum laude, 2012). Member: State Bar of Georgia. Publications: Lead Articles Editor, *Georgia State University Law Review*. . Practice Areas: Litigation and International Business.

**MEGHAN J. WELLS** – Admitted to Georgia Bar in 2016. Education: University of Georgia (B.S., summa cum laude with honors, 2013); University of Georgia (J.D., magna cum laude, 2016, Order of the Coif). Managing Board Member, *Georgia Law Review*. Member: State Bar of Georgia. Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring**.**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 12-70482-JTL |
| | ) | |
| ALPHA PROTECTIVE SERVICES, INC., | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | JUDGE JOHN T. LANEY III |

<u>**AFFIDAVIT OF NEIL C. GORDON**</u>

**STATE OF GEORGIA**
**COUNTY OF FULTON**

Before me, the undersigned attesting officer duly authorized to administer oaths, personally appears Neil C. Gordon, who after being duly sworn, deposes and says:

I am a partner in the law firm of Arnall Golden Gregory LLP ("AGG"), and am the partner responsible for AGG's representation in the above-styled Chapter 7 case.

The facts set out in the foregoing **Third and Final of Arnall Golden Gregory LLP for Allowance of Compensation and Reimbursement of Expenses as Counsel for the Chapter 7 Trustee** (the "Application") and the Exhibits attached to the Application, are true and correct to the best of my knowledge, information and belief. Those facts are known to me personally or established by business records of AGG maintained in the ordinary course of business, including time and disbursement records made by lawyers and paralegals.

/s/ Neil C. Gordon
NEIL C. GORDON

Sworn to and subscribed before me
This 5th day of October, 2020.

/s/ Angela G. Ford
Angela G. Ford
*My Commission Expires: 5/5/21*

**EXHIBIT "C"**

25
15448417v1

**CERTIFICATE OF SERVICE**

This is to certify that I caused to be served the foregoing *Third and Final Application of Arnall Golden Gregory LLP For Allowance of Compensation and Reimbursement of Expenses as Counsel for the Chapter 7 Trustee* by causing a copy of same to be deposited in the United States Mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the U.S. Trustee
440 Martin Luther King Jr. Boulevard
Suite 302
Macon, GA 31201

This 5th day of October, 2020.

/s/ Neil C. Gordon
Neil C. Gordon

26
15448417v1